UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE


JASON B. BRYANT     )
             )
v.           )   NO. 2:05-CV-151
             )
HOWARD CARLTON, Warden  )


## MEMORANDUM OPINION


    Jason B. Bryant, a prisoner in the Northeast Correctional Complex,
serving a life sentence without the possibility of parole, brings this *pro se* petition for
a federal writ of habeas corpus under 28 U.S.C. § 2254. The petitioner challenges the
legality of his confinement pursuant to his 1998 Greene County, Tennessee
convictions, which arose out of the murder of Vidar Lillelid, his wife Delphina
Lillelid, and their six-year-old daughter Tabitha, and the attempted murder of their
two-year-old son Peter. Those convictions were obtained through the petitioner's
guilty pleas to three counts of first-degree murder; one count of attempted first-degree
murder; two counts of especially aggravated kidnaping; two counts of aggravated
kidnaping; and one count of theft over $1,000.

As grounds for relief, the petitioner claims that his guilty pleas were unlawfully induced, involuntary and unknowing; that he had ineffective assistance of counsel in the entry of those pleas; that he was denied due process and a fair trial in that his case joined with those of adults who were death-eligible, though, as a juvenile, he was ineligible for a capital sentence; and that he was denied due process by an "all or nothing" plea bargain offer, which required him to plead guilty before the state would accept the plea bargains of his co-defendants. The respondent has moved to dismiss this action, arguing that the petition is time-barred under the applicable limitations statute. Because the Court agrees with the respondent that the petition is untimely, his motion will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due

diligence. *Id*. The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id*.

Here, the first circumstance is the relevant one. On direct review, the Tennessee Supreme Court denied the petitioner's application for permission to appeal on September 25, 2000. (Doc. 5, Order of Sept. 25, 2000). Ninety days later, on December 24, 2000, the petitioner's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. At this point, the petitioner's conviction became final, for purposes of § 2244(d)(1)(A), *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000), the time period for filing his § 2254 petition would expire one year afterward, on December 24, 2001.

As noted, however, the limitations statute is tolled while a properly filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). The petitioner filed a state post-conviction petition in the Greene County Criminal Court on September 26, 2001, *Bryant v. State*, 2004 WL 443414* 1 (Tenn. Crim. App. Sept. 7, 2004), thereby stopping AEDPA's one-year time clock, which at this point, had run for 277 days. The court denied relief; the petitioner appealed; the state appellate court affirmed the trial court's decision; and the highest state court denied further review. *Id*. The United States Supreme Court denied certiorari review on February 22, 2005, *Bryant v. Tennessee*, 125 S.Ct. 1314 (2005), and on this date, the AEDPA's clock resumed

running. It ran for 88 days more and expired on May 21, 2005.[1] Therefore, because the 1-year statute of limitations in § 2244(d)(2) expired on May 21, 2005, this petition, filed on May 25, 2005, is time-barred. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (citing *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 561 (6th Cir. 2000)).

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). In that vein, the Court infers that the petitioner is making out an equitable tolling claim based on his argument that, before the statute lapsed, he wrote the Court, indicating that he wanted counsel appointed to assist him in preparing a § 2254 petition, which he intended to file.

The doctrine of equitable tolling is used sparingly, and usually is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose

---

[1]    Though the petitioner filed a motion to reconsider in the Tennessee Supreme Court on November 28, 2005 (Pet., Attachment Nos. 2 and 3), the motion, filed after the Supreme Court denied certiorari review in his post-conviction case, did not toll AEDPA's statute of limitations, because there was no time left to toll when the motion was filed. *Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003).

from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (citing *Graham-Humphreys*, 209 F.3d. at 560-61)). In determining whether to equitably toll AEDPA's statute of limitations, the Court employs a test consisting of the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) his lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 108. The petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

In this case, the petitioner does not contend that he had no knowledge, either actual or constructive, of the filing requirement. Indeed, quite to the contrary, before AEDPA's limitations statute lapsed, the petitioner was informed that there was a deadline for filing his § 2254 petition by his state post-conviction counsel, though counsel miscalculated the actual date AEDPA expired in the petitioner's case. (*See* Letters dated March 19, 2005, left side of file). Therefore, factors one and two weigh against the petitioner.

As to the diligence factor, the petitioner signed his petition on April 7, 2005, but it was not until May 25, 2005, that a third party (i.e., the petitioner's state post-conviction attorney) submitted the petition and $5.00 filing fee to the Clerk's

office for filing. (*See* "Receipt for Payment," left side of file). This does not meet the standard of diligence required of the petitioner. The miscalculation of the filing deadline by the petitioner's state post-conviction counsel calls for no different conclusion. *Jurado*, 337 F.3d at 644 (diligence factor is not satisfied where counsel is on notice of AEDPA's one-year filing requirement and fails to act within that period); *Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (a lawyer's mistake, generally, does not justify equitable tolling).

Factor five does not apply in this case, and the Court need not address prejudice to the respondent since this factor only applies where the other four have been established. *Dunlap*, 250 F.3d at 1009. Equitable tolling of the limitations period, therefore, is not available to the petitioner and his habeas corpus petition will be **DISMISSED** as untimely. 28 U.S.C. § 2244(d)(1).

Finally, for reasons contained in this memorandum, the Court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Thus, the Court will also **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

6

A separate order will enter.


**ENTER**:

                       s/Thomas Gray Hull
                         THOMAS GRAY HULL
                SENIOR U. S. DISTRICT JUDGE