UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

JASON B. BRYANT )
 )
v. ) NO. 2:05-CV-151
 )
HOWARD CARLTON, Warden )

**MEMORANDUM OPINION**

This is a state prisoner's petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed as untimely upon motion of respondent.[1] *See* Order of January 6, 2005. Though petitioner had been acting *pro se*, he filed a notice of appeal through counsel and, the next day, a motion to alter or amend judgment, under Rule 59(e) of the Federal Rules of Civil Procedure. The Court recalculated the statute of limitations applicable to petitioner, determined that his petition was filed one day before the lapse of AEDPA's statute of limitations in 28 U.S.C. § 2244(d), and indicated that, while the Rule 59(e) motion had merit, it could not be granted because the notice of appeal had transferred jurisdiction over the case to the Sixth Circuit Court of Appeals. Petitioner successfully moved the Sixth Circuit to remand the case and, upon remand, this Court granted the Rule 59(e) motion.

Thereafter, the Supreme Court issued its decision in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), and respondent filed an unopposed amended motion to dismiss, based on that decision.

---

[1] The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run, *inter alia*, upon the conclusion of direct review. *Id*.

[Doc. 27]. *Lawrence* holds that the filing of a petition for certiorari to the Supreme Court seeking review of a state court post-conviction ruling does not toll the statute of limitations in § 2244(d)(2).[2] This is important because, in performing all previous calculations of the limitations statute, the Court hewed to the binding law in the Sixth Circuit at that time. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (holding that AEDPA's statute of limitations is tolled during the time certiorari review of a post-conviction application in the Supreme Court is pending or could be sought). Since *Abela* is no longer Sixth Circuit precedent on the tolling issue, the one-year statutory time-period in § 2244(d) will be recalculated, applying *Lawrence*.

        Petitioner's February 20, 1998 conviction was affirmed by the state supreme court on February 29, 2000, and became final on Sunday, December 24, 2000, upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court seeking review of his direct appeal. However, because the courthouse was closed for the Christmas holiday on Monday, December 25th, the AEDPA one-year statute started ticking on Tuesday, December 26, 2000, the date it reopened. On September 23, 2001, after ticking for 271 days, the clock was stopped by the filing of petitioner's post-conviction petition in state court. After making its way through the lower state courts, the post-conviction petition terminated on September 7, 2004, the day the state supreme court declined any further review.

        The next day, AEDPA's one-year clock resumed running and ran for 94 more days, before expiring on December 10, 2004. Petitioner filed his § 2254 petition on May 25, 2005, some

---

[2] The statute is tolled during the time a properly filed post-conviction petition is pending in state court. 28 U.S.C. § 2244(d)(2).

166 days after the lapse of § 2244's limitations statute. Thus, his petition was filed too late and respondent's amended motion to dismiss it as untimely will be **GRANTED**.

Finally, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U. S. C. § 2253(c); Fed. R. App. P. 22(b). This is so because reasonable jurists would not find the Court's procedural ruling in this matter to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE